UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUSTIN ALLEN HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-00007-SRW |
| | ) |
| DEPUTY KARL GLASCOCK, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Dustin Allen Hayes for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this prisoner civil rights claim under 42 U.S.C. § 1983 and Missouri state law against defendants Deputy Karl Glascock and the Gasconade County Sheriff's Office. Plaintiff states that on July 11, 2022, he was arrested and handcuffed by Glascock. Glascock transported

2

plaintiff to police station in Bland, Missouri. Inside the police station, Glascock taunted plaintiff about a prior arrest on March 26, 2022. During this March 2022 arrest, plaintiff states Glascock tazed him and shot him in the middle of the back. Because Glascock continued to talk about this prior arrest, plaintiff stopped communicating with him. At this point, plaintiff alleges Glascock came around his desk, grabbed plaintiff by the crook of the arm, and attempted to throw him to the ground. Glascock then began striking plaintiff in the face. Plaintiff states that he blacked out, and when he gained consciousness, he was on the ground on his hands and knees and Glascock was still striking him in the face. As plaintiff tried to get away, Glascock kicked plaintiff in the back, kneed him in the neck and spine, and dragged him by the handcuffs across the floor. Glascock then picked up plaintiff by his handcuffs, placed him in a patrol car, and transported him to Osage County Jail.

For relief, plaintiff seeks $100,000 in damages and asks that formal charges be brought against Glascock.

**Discussion**

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers. To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, the test is whether the amount of force used was objectively reasonable under the particular circumstances." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018) (internal quotations and citations omitted). Relevant considerations are whether the suspect poses an immediate threat to the safety of the officers, and whether he is actively resisting arrest. *Id.*

Here, plaintiff alleges he was handcuffed when Glascock began striking him in the head and face. Glascock then pushed plaintiff to the ground and continued kicking him and striking him in the face. Because plaintiff was handcuffed he could not have been posing any immediate threat

3

to the safety of Glascock. On initial review, the Court finds that plaintiff has stated a plausible Fourth Amendment violation against defendant Glascock, and the Court will issue process upon this officer in his individual capacity.

The Court will dismiss the case as to defendant Gasconade County Sheriff's Office. A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Plaintiff has not alleged any constitutional violation resulting from an official policy, unofficial custom, or a failure to train or supervise. For this reason, defendant Gasconade County Sheriff's Office will be dismissed for failure to state a claim upon which relief can be granted.

Finally, as to plaintiff's allegations brought against Glascock in his official capacity, these claims will be dismissed. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the

alleged conduct. *Kelly*, 813 F.3d at 1075. As discussed above, plaintiff has not established Gasconade County's liability for the alleged conduct, and thus his claims against defendant Glascock brought in his official capacity must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Karl Glascock in his individual capacity.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Gasconade County Sheriff's Office or defendant Karl Glascock in his official capacity because the complaint fails to state a claim upon which relief can be granted.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 18th day of January, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE